**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Benjamin S.,

        Plaintiff,

v.

Frank Bisignano, *Commissioner of*
*Social Security*,

        Defendant.

Case No. 25-cv-04565 (ECT/ECW)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Plaintiff Benjamin S.'s Motion for Summary/ Default Judgment in Favor of Plaintiff (Dkt. 13) ("Motion"). This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Motion should be denied.

Plaintiff filed the present Motion, which was dated April 20, 2026, on April 23, 2026. Plaintiff seeks an order from the Court reversing Defendant's denial of his social security benefits on the basis that Defendant failed to file the administrative record in this case on or before April 7, 2026, as required by this Court's February 6, 2026 Order. (Dkt. 13 at 1.) Plaintiff also asserts that he received no notice from Defendant of the documents being filed with the Court. (*Id.*)

As background, on February 6, 2026, the Court granted Defendant's request to enlarge the time in which to file the certified administrative record until April 7, 2026. (Dkt. 10.)

On April 7, 2026, Defendant filed the Certified Administrative Record with the Court.  (Dkt. 12.)  On April 28, 2026, Defendant filed a certificate of service representing that counsel caused the Certified Administrative Record "to be filed electronically with the Clerk of Court through ECF, and I further certify that I caused a copy of the foregoing documents to be mailed by first class mail, postage paid, to the following non-ECF participant on April 27, 2026."  (Dkt. 14.)

The Court finds that Defendant complied with the Court's Order to file the Administrative Record with the Court by April 7, 2026 and therefore recommends denial of the Motion insofar as it seeks an order reversing the denial of benefits based on the alleged late filing.  Further, any request for default judgment should be denied, as Plaintiff failed to seek entry of default with the Clerk of Court before bringing the present Motion.  *See* Fed. R. Civ. P. 55(a); *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Graham v. Nat'l Web Design LLC*, No. 20-CV-1575 (KMM/BRT), 2022 WL 190760, at *2 (D. Minn. Jan. 21, 2022) ("Such an entry of default is a prerequisite to obtaining a default judgment.").

The Court turns to the deadline for Plaintiff to file his opening brief.  Pursuant to Rule 6 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), the deadline for Plaintiff to file and serve on the Commissioner a brief for the requested relief was 30 days after the Commissioner filed the Certified Administrative Record, that

is, May 7, 2026.  Under these circumstances, including Defendant's service of the Certified Administrative Record by U.S. Mail on April 27, 2026, the Court extends the deadline for Plaintiff to file his opening brief to **June 1, 2026**.  To the extent that Plaintiff needs more time to file his opening brief, he may file a motion requesting such relief from the Court.

For all of these reasons, the Motion should be denied and Plaintiff must file his opening brief on or before **June 1, 2026**.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS RECOMMENDED** that: Plaintiff Benjamin S.'s Motion for Summary/Default Judgment in Favor of Plaintiff (Dkt. 13) be **DENIED**.

## ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED** that: Plaintiff Benjamin S. must file his opening brief on or before **June 1, 2026**.

DATED:  May 11, 2026                    *s/Elizabeth Cowan Wright*
                                        ELIZABETH COWAN WRIGHT
                                        United States Magistrate Judge

3

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).

4